UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NOTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | Criminal No. 17-01-ART-CJS-(3) |
| v. | ) ) | |
| ANTHONY MASON, | ) ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 9, 2017, Anthony Mason pled guilty before Magistrate Judge Candace J. Smith.  R. 46.  Pursuant to 28 U.S.C. § 636(b)(1), Judge Smith recommends that the Court accept Mason's guilty plea.  *See* R. 47.  Mason has not objected, and his time to do so has expired.  *Id.* at 3; *see also* Fed. R. Crim. P. 59(b)(2).  Accordingly, the Court **ACCEPTS** the plea and **ADOPTS** Judge Smith's recommendation, R. 47, as the opinion of the Court.

In compliance with the Sentencing Reform Act, it is hereby **ORDERED** as follows:

1.     Sentencing proceedings are set in this case for the defendant, Anthony Mason, on **Tuesday, June 13, 2017**, at **11:30 a.m.**, at the United States Courthouse in **Covington**, Kentucky.

2.     The defendant and defense counsel shall meet with the probation officer for an interview promptly, and in no event **later than ten (10) days** from the date of this Order.  It shall be the responsibility of defense counsel to contact the Probation Office to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3.     **Not less than thirty-five (35) days** prior to the date of the sentencing, the probation officer shall provide a copy of the presentence report to counsel for the parties. **Within fourteen (14) days** thereafter, counsel shall submit all objections to the presentence report by letter to the probation officer and opposing counsel.   After receiving said objections, the probation officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the presentence report accordingly.

4.     **Not less than ten (10) days** prior to the sentencing hearing, the probation officer shall submit the presentence report to the undersigned.  The presentence report shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in response.  A copy of the revised presentence report, together with the addendum, shall be mailed to counsel for the parties.

5.     **Not less than five (5) days** prior to the sentencing hearing the parties shall file in the record a memorandum brief in support of their respective positions on any unresolved objections to the presentence report.  Absent good cause shown, the Court will not consider untimely filed memoranda.

6.     With the exception of the matters set forth in the addendum, the revised presentence report shall be accepted as accurate.  The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing.  In resolving disputed issues of fact, all reliable information shall be considered.

7.     The time set forth in this Order may be modified by the Court for good cause shown, except that the thirty-five (35) day period provided for disclosure of the presentence

report pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the defendant's consent.

**8.** Nothing in this Order requires the disclosure of any matter exempt therefrom by virtue of Fed. R. Crim. P. 32(i)(1)(B) and (d)(3).

**9.** The presentence report will be deemed disclosed:

(a) When the report is physically delivered to counsel;

(b) One (1) day after the report's availability is orally communicated to counsel; or

(c) Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

**10.** The defendant's counsel shall be responsible for disclosing the presentence report to the defendant and making sure that the defendant understands its contents.

**11.** The probation officer shall not disclose the probation officer's recommendation, if any, on the sentence.

**12.** Following the sentencing hearing, the U.S. Probation Office shall retain the presentence report in the probation office file. In the event of an appeal, the U.S. Probation Office will file a copy of the report, under seal, for inclusion in the record on appeal.

**13.** To the extent a written plea agreement exists between the parties, the plea agreement(s) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Attorney's Office at Covington, Kentucky, unless otherwise ordered by the Court.

14.     To the extent that character letters are submitted on behalf of the defendant, the Clerk of the Court is directed to place these letters in the record, unless otherwise ordered by the Court.  Character letters shall be submitted as soon as practicable but no later than **five (5) business days** prior to the scheduled sentencing date.

15.     If either party plans to call witnesses during the sentencing hearing, that party must file a notice in the record as soon as practicable but no later than **five (5) business days** prior to the scheduled sentencing date.  The notice must include the names of the anticipated witnesses and the estimated length of their testimony.

16.     Any motions filed pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) shall be filed no later than **five (5) business days** prior to the scheduled sentencing date.  The motion shall be accompanied by a memorandum specifically articulating the basis for the motion, including but not limited to a thorough discussion of the factors contained in the aforementioned provisions, **both of which shall be filed under seal**.  The failure to timely file the motion or include the required memorandum may result in denial of the motion.  In addition to filing with the Clerk of the Court, a copy of such motion and any response shall be transmitted electronically to the undersigned at *Thapar_chambers@kyed.uscourts.gov*.

This the 14th day of March, 2017.



**Signed By:**

*__Amul R. Thapar__*

**United States District Judge**